# Cook *v.* Quincy United Brethren Orphanage and Home, Appellant.

*Wills—Construction—Estate tail—Estate in fee—Rule in Shelley's case—Act of April 27, 1855, P. L. 368.*

A testator by will provided that after the death of his widow, there should be "an equal division between my son and daughter, he keeping all money in his hand and only paying her annual interest or such amounts as may be necessary for her comfort in life," the daughter's share to "remain in the property as long as she lives and after her death it shall go to her heirs and assigns. If none exists it shall go to her brother Hiram, or his heirs." *Held,* the daughter took a fee in realty constituting a part of the estate under the rule in Shelley's case and the Act of April 27, 1855, P. L. 368.

Argued March 11, 1913. Appeal, No. 62, Jan. T., 1913, by defendant, from judgment of C. P. Franklin Co., Dec. T., 1912, No. 79, in case of Hiram H. Cook and Hiram H. Cook, Guardian of Catherine P. Cook, a person of weak mind, v. The Quincy United Brethren Orphanage and Home. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Amicable action in assumpsit to determine marketability of title to real estate. Before GILLAN, P. J.

The will under which the property in question descended to the plaintiffs was as follows:—

The following shall be my last will and testament. My estate shall remain after my death as long as my wife lives as it is at present, deputizing my son Hiram as Executor of said estate. After her death there shall be an equal division between my son and daughter, he keeping all money in his hand and only paying her annual interest or such amounts as may be necessary for her comfort in life. Katie's share shall remain in the property as long as she lives and after her death it shall go to her heirs and assigns. If none exists it shall go

to her brother Hiram, or his heirs. If both son and daughter should die without heirs one thousand dollars shall go to the U. B. Church at Quincy, Franklin County, Pennsylvania. One thousand dollars to the Foreign Missionary Society of the U. B. Church in Africa. The remainder shall be divided equally between my brother and sister's children. In testimony whereof I underset my hand and seal.

Decedent's estate consisted of the property in question, another tract of land, and of personal property.

It appeared that the testator's daughter was a feeble-minded person and that her brother was her guardian. It also appeared that testator's wife died before him.

The court entered judgment as follows:—

Now, to wit, 7 November, 1912, the prothonotary is directed to enter judgment in favor of the plaintiffs and against the defendants in the sum of thirty-five hundred ($3500) dollars, with interest from this date and costs.

*Error assigned* was in entering judgment for the plaintiffs.

*John D. Rice,* with him *William S. Hoerner,* for appellant, cited: Frantz v. Race, 205 Pa. 150.

*J. R. Ruthrauff,* of *Ruthrauff & Nicklas,* for appellee.

OPINION BY MR. JUSTICE BROWN, April 14, 1913:

There is nothing in the brief will of George Cook to justify the contention of the appellant that he constituted his son Hiram trustee of the share of his estate which he devised to his daughter. He gave directly to her one-half of his real estate for life. No other meaning can be attached to his words; and, when he added, "after her death it shall go to her heirs and assigns," his meaning is equally clear that it should descend from her. That she took a fee under the rule in Shelley's case and the Act of April 27, 1855, P. L. 368, is too plain

for discussion, and the only conceivable reason why this appeal was taken must have been the apprehension that, at some time in the future, some one, not a lawyer, might question the title of the testator's daughter.

Judgment affirmed.